**Jason P. Hoelscher** (Arizona Bar # 027580)
jhoelscher@shhlaw.com
**SICO HOELSCHER HARRIS LLP**
802 N. Carancahua, Ste. 900
Corpus Christi, TX 98401
Phone 361 653 3300
Fax     361 653 3333

**Matthew S. Parmet** (Texas Bar # 2406719)
(*seeking admission pro hac vice*)
matt@parmet.law
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| JASON KAPZYNSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COLT BBQ & SPIRITS LLC d/b/a COLT GRILL,<br><br>Defendant. | Case No. _____<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br>**Plaintiff's Original Class and Collective Action Complaint for Damages** |

### SUMMARY

1.    Jason Kapzynski brings this lawsuit to recover unpaid overtime wages and other damages owed by Colt BBQ & Spirits LLC d/b/a Colt Grill ("Colt Grill").

2.    Kapzynski and other hourly workers for Colt Grill regularly worked in excess of 40 hours in a week.

3.    Colt Grill did not pay Kapzynski and the other workers the proper overtime rate for all of these hours.

4.    Instead, Colt Grill paid Kapzynski and the other workers the same hourly rate, even when they should have received an overtime premium.

5.    This action seeks to recover the unpaid overtime wages and other damages owed by Colt Grill to these workers.

## JURISDICTION & VENUE

6.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7.    This Court has original jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

8.    The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Colt Grill resides in this District.

10.    Kapzynski worked for Colt Grill in this District.

11.    Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

12.    Kapzynski was, at all relevant times, an employee of Colt Grill.

13.    Kapzynski was an hourly employee of Colt Grill.

14.    Kapzynski worked for Colt Grill from July 2020 to December 2020.

15.    Kapzynski's written consent is attached as Exhibit A.

16.    Kapzynski represents at least two classes of similarly situated Colt Grill workers.

17.    Kapzynski represents a class of similarly situated hourly employees under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Class" is defined as:

**All current or former hourly employees of Colt BBQ & Spirits, LLC working in the United States who were, at any point in the past three years, paid "straight time for overtime."**

PARMET PC

18.     Kapzynski represents a class of similarly situated hourly employees under Arizona law pursuant to Federal Rule of Civil Procedure 23. This "Arizona Class" is defined as:

> **All current or former hourly employees of Colt BBQ & Spirits, LLC working in Arizona who were, at any point in the past year, paid "straight time for overtime."**

19.     Together, throughout this Complaint, the FLSA Class members and Arizona Class members are referred to as the "Putative Class Members."

20.     **Colt BBQ & Spirits LLC d/b/a Colt Grill ("Colt Grill")** is an Arizona limited liability company.

21.     Colt Grill's headquarters and principal place of business is in Yavapai County, Arizona.

22.     Colt Grill may be served by service upon its registered agent, **Brenda Marie Clouston, 804 N. Main St., Cottonwood, AZ 86326**, or by any other method allowed by law.

### COVERAGE UNDER THE FLSA

23.     At all relevant times, Colt Grill was an employer of Kapzynski within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24.     At all relevant times, Colt Grill was and is an employer of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25.     Colt Grill was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26.     During at least the last three years, Colt Grill has had gross annual sales in excess of $500,000.

27.     Colt Grill was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

28.     Colt Grill employs many workers, including Kapzynski, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

29.     The goods and materials handled, sold, or otherwise worked on by Kapzynski, and other Colt Grill employees and that have been moved in interstate commerce include, but are not limited to, kitchen supplies, cash registers, phones, restaurant equipment, and food.

FACTS

30.     Colt Grill operates several restaurants in Arizona.

31.     Kapzynski was an hourly employee of Colt Grill.

32.     Colt Grill never paid Kapzynski a salary.

33.     Colt Grill never paid Kapzynski on a fee basis.

34.     Colt Grill paid Kapzynski by the hour.

35.     At the beginning of his employment, Colt Grill paid Kapzynski $14 per hour.

36.     Later on, Colt Grill paid Kapzynski $19 per hour.

37.     Kapzynski reported the hours he worked to Colt Grill on a regular basis.

38.     Kapzynski's hours are reflected in Colt Grill's records.

39.     Colt Grill paid Kapzynski at the same hourly rate for all hours worked, including those in excess of 40 in a week.

40.     Kapzynski normally worked more than 40 hours in a week.

41.     For example, for the two-week period ending August 31, 2020, Kapzynski worked 146 hours for Colt Grill.

42.     For that pay period, Colt Grill paid Kapzynski at his hourly rate of $19 per hour for all 146 hours worked.

43.     Thus, rather than receiving time-and-a-half as required by the FLSA for all hours over 40 in a workweek, Kapzynski only received "straight-time" pay for overtime hours worked.

44.     This "straight-time-for-overtime" payment scheme violates the FLSA.

45.     This "straight-time-for-overtime" payment scheme violates Arizona law.

46.     Colt Grill was aware of the overtime requirements of the FLSA.

47.     Colt Grill was aware of the overtime requirements of Arizona law.

PARMET PC

48.    Colt Grill nonetheless failed to pay certain hourly employees, such as Kapzynski, overtime.

49.    Colt Grill's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

50.    Colt Grill's illegal "straight time for overtime" policy extends well beyond Kapzynski.

51.    It is the "straight time for overtime" payment plan that is the "common policy or plan that violate[s] the law." (*McDonald v. Ricardo's on the Beach, Inc.*, No. CV 11-93366 PSG (MRWx), 2013 WL 228334, at *2 (C.D. Cal. Jan. 22, 2013) [internal quotations omitted].)

52.    Colt Grill has paid numerous hourly workers according to the same unlawful scheme.

53.    Numerous employees have been victimized by this pattern, practice, and policy, which is a willful violation of the FLSA.

54.    Thus, from Kapzynski's observations, he is aware that the illegal practices or policies of Colt Grill have been imposed on a distinct group of hourly employees.

55.    These employees were all paid straight time for overtime.

56.    These hourly employees are victims of Colt Grill's unlawful compensation practices and are similarly situated to Kapzynski in terms of pay provisions and employment practices.

57.    Colt Grill's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the employees.

58.    Colt Grill's failure to pay wages and overtime compensation as required by Arizona law result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the employees.

59.    Thus, Kapzynski's experiences are typical of the experiences of the Putative Class Members he seeks to represent.

60.     The specific job titles or precise job locations of the various hourly employees does not prevent collective treatment.

61.     Kapzynski has no interests contrary to, or in conflict with, the members of the FLSA or Arizona Classes. Like each member of the proposed classes, Kapzynski has an interest in obtaining the unpaid overtime wages owed under state and federal law.

62.     A class and collective action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

63.     Absent this action, many FLSA and Arizona Class members likely will not obtain redress of their injuries and Colt Grill will reap the unjust benefits of violating the FLSA and Arizona law.

64.     Furthermore, even if some of the FLSA and Arizona Class members could afford individual litigation against Colt Grill, it would be unduly burdensome to the judicial system.

65.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

66.     The questions of law and fact common to each of the FLSA and Arizona Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Colt Grill employed the FLSA and Arizona Class members within the meaning of the FLSA and Arizona law;

   b. Whether the FLSA and Arizona Class members were exempt from overtime;

   c. Whether Colt Grill's decision to not pay overtime to the FLSA Class members was made in good faith; and

   d. Whether Colt Grill's violation of the FLSA was willful.

PARMET PC

67.    Kapzynski's claims are typical of the FLSA and Arizona Class members. Kapzynski, and the FLSA and Arizona Class members have all sustained damages arising out of Colt Grill's illegal and uniform employment policy.

68.    Kapzynski knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

69.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

70.    All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all overtime hours. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### FIRST CAUSE OF ACTION—VIOLATIONS OF THE FLSA

71.    Kapzynski incorporates each other allegation.

72.    Colt Grill has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by compensating employees on an hourly basis in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating the FLSA Class members for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

73.    Colt Grill knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Class members overtime compensation.

74.    Colt Grill's failure to pay overtime compensation to these FLSA Class members was neither reasonable, nor was the decision not to pay overtime made in good faith.

75.    Accordingly, Kapzynski and the FLSA Class members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

**PARMET PC**

**SECOND CAUSE OF ACTION—VIOLATIONS OF THE ARIZONA WAGE ACT**

76.    Kapzynski incorporates all other allegations.

77.    The conduct alleged in this Complaint violates the Arizona Wage Act, ARS 23-350, *et seq.*

78.    Colt Grill was and is an "employer" within the meaning of the Arizona Wage Act. (ARS § 23-350(3).)

79.    At all relevant times, Colt Grill employed Kapzynski and each other Arizona Class member as "employees" within the meaning of the Arizona Wage Act. (ARS § 23-350(2).)

80.    Kapzynski and the other Arizona Class members were required by law to be paid overtime wages for all overtime hours worked.

81.    Kapzynski and the other Arizona Class members had a reasonable expectation Colt Grill would pay them wages as required by the FLSA.

82.    Kapzynski and the other Arizona Class members had a reasonable expectation Colt Grill would pay them wages as required by federal law.

83.    Kapzynski and the other Arizona Class members had a reasonable expectation Colt Grill would pay them wages as required by Arizona law.

84.    Kapzynski and the other Arizona Class members had a reasonable expectation Colt Grill would pay them at a rate at least 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek.

85.    Within the applicable limitations period, Colt Grill had a policy and practice of failing to pay proper overtime to the Arizona Class members for their hours worked in excess of 40 hours per week.

86.    The wages and overtime owed to Kapzynski and each other Arizona Class member were due to be paid not later than 16 days after the end of the of the most recent pay period. (ARS § 23-351(C)(3).)

87.    The wages and overtime owed to Kapzynski and each other Arizona Class member who left the employment of Colt Grill were due to be paid not later seven days after termination, or at the end of the next regular pay period. (ARS § 23-353(A)-(B).)

88.    The Arizona Wage Act prohibits an employer from withholding or diverting any portion of an employee's wages unless they are required or empowered to do so by state or federal law, or the employee has authorized the withholding in writing. (ARS § 23-352.)

89.    Colt Grill was not required under Arizona or federal law to withhold the wages and overtime pay due to Kapzynski and the Arizona Class members.

90.    Colt Grill was not empowered under Arizona or federal law to withhold the wages and overtime pay due to Kapzynski and the Arizona Class members.

91.    Neither Kapzynski nor the Arizona Class members authorized Colt Grill to withhold the wages and overtime pay due to them.

92.    Colt Grill has not paid these overtime wages to Kapzynski and each other Arizona Class member.

93.    As a result of Colt Grill's failure to pay proper overtime to Kapzynski and the Arizona Class members for work performed in excess of 40 hours in a workweek, Colt Grill violated the Arizona Wage Act.

94.    Kapzynski and the Arizona Class members are entitled to overtime wages under Arizona law in an amount equal to three times their unpaid wages, plus attorney's fees and costs. (ARS § 23-355(A).)

### THIRD CAUSE OF ACTION—UNJUST ENRICHMENT

95.    Kapzynski incorporates all other allegations.

96.    Colt Grill's acts and omissions in denying proper overtime pay to Kapzynski and the Arizona Class members was done knowingly.

97.    As a result of its unlawful acts and omissions, Colt Grill received substantial benefit in the form of financial compensation that rightfully belonged to Kapzynski and the Arizona Class members.

98.    It would be unjust to allow Colt Grill to retain these benefits, which were gained through unlawful means, including but not limited to, failing to pay Ker and the Arizona Class members the wages and overtime they were entitled to under Arizona law.

99.    Colt Grill has been unjustly enriched by its unlawful acts and omissions.

## DAMAGES

100.    Colt Grill's acts and omissions, individually and collectively, caused Kapzynski and the Putative Class Members to sustain legal damages.

101.    Kapzynski and the FLSA Class members are entitled to overtime wages in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs. (29 U.S.C. § 216(b).)

102.    Kapzynski and the Arizona Class members are entitled to overtime wages under the Arizona Wage Act in an amount equal to three times their unpaid wages, plus attorney's fees and costs. (ARS § 23-355(A).)

103.    Kapzynski and the Arizona Class members are entitled to recover for Colt Grill's unjust enrichment, including restitution and penalties.

104.    Kapzynski and the Putative Class Members are entitled to recover attorneys' fees and costs of court.

105.    Kapzynski and the FLSA Class members are entitled to recover liquidated damages under the FLSA.

106.    Kapzynski and the Arizona Class members are entitled to treble damages under the Arizona Wage Act.

107.    Kapzynski and the Arizona Class members are entitled to exemplary damages on their unjust enrichment claim.

108.    Kapzynski and the Putative Class Members are entitled to pre- and post-judgment interest at the maximum legal rates.

109.    A constructive trust should be imposed on Colt Grill, and the Court should sequester any benefits or money wrongfully received by Colt Grill at the expense of Kapzynski and the Arizona Class members.

PARMET PC

**RELIEF SOUGHT**

110.    Kapzynski prays for judgment against Colt Grill as follows:

a.      For an order certifying a collective action for the purposes of claims under the FLSA;

b.      For an order certifying a class action for the purposes of the claims under Arizona law;

c.      For an order finding Colt Grill liable for violations of state and federal wage laws with respect to Kapzynski and all class members covered by this case;

d.      For a judgment awarding all unpaid wages, liquidated damages, and penalty damages, to Kapzynski and all FLSA Class members covered by this case;

e.      For a judgment awarding all unpaid wages, treble damages, penalty damages, and punitive damages, to Kapzynski and all Arizona Class members covered by this case;

f.      For an order finding Colt Grill was unjustly enriched by its violations of Arizona law with respect to Kapzynski and all Arizona Class members covered by this case;

g.      For an order imposing a constructive trust on Colt Grill and sequestering the benefits and monies that it wrongfully obtained at the expense of Kapzynski and the Arizona Class members;

h.      For an order awarding restitution, penalties, and exemplary damages to Kapzynski and all Arizona Class members covered by this case;

i.      For a judgment awarding costs of this action to Kapzynski and all class members covered by this case;

j.      For a judgment awarding attorneys' fees to Kapzynski and all class members covered by this case;

k.    For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Kapzynski and all class members covered by this case; and

l.    For all such other and further relief as may be necessary and appropriate.

Date:  <u>February 24, 2021</u>

Respectfully submitted,

**Sɪᴄᴏ Hᴏᴇʟsᴄʜᴇʀ Hᴀʀʀɪs LLP**

*/s/ Jason P. Hoelscher*

By: _____

**Jason P. Hoelscher**

**Attorneys for Plaintiff**