**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Kapzynski,<br><br>   Plaintiff,<br><br>v.<br><br>Colt Barbeque & Spirits LLC,<br><br>   Defendant. | No. CV-21-08040-PCT-MTL<br><br>**ORDER** |

  Colt Barbeque & Sprits LLC ("Colt Grill") operates multiple restaurant locations in Arizona. Plaintiff Jason Kapzynski brings suit under the Fair Labor Standards Act ("FLSA"), on his behalf and for all others similarly situated, against Colt Grill for unpaid overtime wages. Plaintiff contends he is a former Colt Grill employee and that he was paid straight time wages for overtime hours worked.

## I.

  Presently before the Court is Plaintiff's Motion for Conditional Certification for the following FLSA collective pursuant to 29 U.S.C. § 216(b): "Current and former hourly employees of Colt BBQ & Spirits LLC d/b/a Colt Grill, who were paid 'straight time for overtime' at any point from February 24, 2018, to the present." (Docs. 23, 23-8.) The Motion also requests approval of Plaintiff's proposed notice and consent procedure. Colt Grill opposes the Motion on both fronts, arguing that the proposed collective does not consist of similarly situated individuals because some potential members have or had "supervisory responsibilities that are inherently at odds with Kapzynski." (Doc. 27 at 1.)

Colt Grill further contests certain aspects of Plaintiff's notice and consent procedure. For the reasons described below, the Motion will be granted, in part.

## II.

### A.

The FLSA mandates that covered employers pay employees an overtime rate of "one and one-half times the regular rate" of pay for work exceeding 40 hours in one week. 29 U.S.C. § 207(a)(1). "Any employer who violates the provisions of . . . section 207 . . . shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation[.]" *Id*. § 216(b). A collective action to recover these damages may be brought "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *Id*. Employees not named in the complaint who wish to join the action must give their consent in writing to the court in which the action is brought. *Id*.

The term "similarly situated" is critical for defining collective action status. Yet Congress did not provide a definition in the FLSA. Courts have taken a variety of approaches to fill in this gap. In *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018), the Ninth Circuit considered the appropriate standard for district courts to apply when deciding a motion to certify a collective action. The court held that "[p]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id*. at 1117. Plaintiffs' "burden is light," but conditional certification is "by no means automatic." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). "The level of consideration is . . . akin to a plausibility standard." *Campbell*, 903 F.3d at 1109. District courts are directed to focus on "similarities among the party plaintiffs" instead of scrutinizing differences. *Id.* at 1117. "If the party plaintiffs' factual or legal similarities *are* material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment." *Id*. at 1114.

Once the district court preliminarily certifies a FLSA class, a notice is disseminated to putative members of the collective action "advising them that they must affirmatively

opt in to participate in the litigation. *Id*. at 1109. Following discovery, "[t]he employer can move for 'decertification' of the collective action for failure to satisfy the 'similarly situated' requirement in light of the evidence produced to that point." *Id*.

**B.**

The Court finds that the Plaintiff's proposed collective definition satisfies the requirement that members are similarly situated with one another. According to Plaintiff's proposed definition, each potential collective member must be a current or former hourly employee of Colt Grill. Plaintiff Kapzynski and the putative collective members who have thus far opted into this litigation are all former hourly employees who allege FLSA violations.

Colt Grill's objection to preliminary certification because "two of the opt-in claimants are managers" is not well taken. (*See* Doc. 27 at 3.) While some putative members may have or had managerial responsibilities, the Court is not convinced that such a distinction with other hourly employees is a material one. The proposed definition limits collective members to hourly wage earners. Salaried employees, i.e., employees who exercise managerial responsibilities, are excluded. Whether Colt Grill paid hourly employees straight time instead of overtime pay, regardless of their job responsibilities, constitutes a material factual similarity among the putative collective. At least at this early stage, Colt Grill's objection focuses too heavily on immaterial differences. *See Campbell*, 903 F.3d at 1114. Similarly, Colt Grill relies too heavily on a recently decided Fifth Circuit case, *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021). In that opinion, the Fifth Circuit provided a critical analysis of the federal judiciary's approach to determining whether putative collective members are "similarly situated." But this Court is bound to follow the principles recognized by the Ninth Circuit in *Campbell* and elsewhere. Accordingly, Plaintiff's Motion for Conditional Certification will be granted.

**III.**

Plaintiff next moves for approval of a comprehensive notice procedure. In sum, Plaintiff asks that the Court: [i] "order Colt Grill to provide Collective Counsel with the

names, last known home addresses, email addresses, and phone numbers for all the Putative Collective Members"; [ii] authorize electronic notice by way of a public website; [iii] permit notice by email; [iv] permit notice to putative collective members by text messages to their personal cell phones; [v] order Colt Grill to post the notice at its jobsites for the duration of the opt-in period; [vi] permit reminder notice; and [vii] permit counsel to contact certain putative collective members by phone call. (Doc. 23 at 2, 9–12.) Colt Grill objects to providing any notice beyond regular mail. (Doc. 27 at 8–9.) Colt Grill also objects to providing putative collective members reminder notice. (*Id.* at 8.)

"In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989). Courts must carefully avoid authorizing a notice procedure that amounts to "the solicitation of claims." *Id*. Notice by regular mail is a standard form of notice for putative FLSA collective action members. Notice by email is also warranted. Email has become a reliable method of business communication and is acceptable here. *See Weeks v. Matrix Absence Management Inc.*, 494 F. Supp. 3d 653, 659 (D. Ariz. 2020). Reminder notice is likewise a standard notice procedure in collective action cases, given that the FLSA requires putative collective members to opt-in. *See Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010). The Court will permit Plaintiff to send a reminder notice to putative collective members who do not respond to the initial notice. The Court agrees with Colt Grill, however, that Plaintiff's proposed notice by way of a public website, postings at Colt Grill jobsites, text messages, and direct phone calls by counsel are needlessly duplicative and cross the line into impermissible claims solicitation. Such methods of communication will not be permitted. Both the initial and reminder notice must therefore be sent by mail and email.

Plaintiff also proposes a notice timeline that incorporates deadlines for: [i] Colt Grill to provide names and contact information for putative collective members, [ii] distribution

of the notice to putative collective members, [iii] an opt-in period for putative collective members to return consent forms, and [iv] a follow-up period for Plaintiff's counsel to send reminder notice to putative collective members. (Doc. 23-8 at 2.) Plaintiff proposes a 60-day opt-in period. (Doc. 23 at 2.) Colt Grill contends in response that a 30-day opt-in period is adequate. (Doc. 27 at 7.) Colt Grill also objects to Plaintiff's proposed form of notice. The Court will direct the parties to meet and confer and propose a joint stipulated timeline and form of notice that considers the direction provided in this Order.

## IV.

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion for Conditional Certification (Doc. 23) is **granted** to the extent that the following FLSA collective action is certified: "Current and former hourly employees of Colt BBQ & Spirits LLC d/b/a Colt Grill, who were paid 'straight time for overtime' at any point from February 24, 2018, to the present."

2. Plaintiff's Motion, to the extent that it seeks approval for notice, is **granted in part and denied in part**.

    a. Defendant Colt Grill shall, **within 10 days of this Order**, provide to Plaintiff's counsel, in Excel format (.xlxs), the names, last known addresses and email addresses, and beginning and ending dates of employment of all putative collective members so that Plaintiff may notify them of the collective action.

    b. The parties shall meet and confer to prepare a proposed stipulated form of notice, as well as a proposed schedule for sending notice, and submit the same to the Court **no later than 21 days from the date of this Order** for approval prior to circulation of the notice. If the parties are unable to reach an agreement regarding the notice provisions, such disputes may be noted in the filing or the parties may make separate filings.

. . .

. . .

. . .

3. To the extent that the Motion seeks further relief, it is **denied**.

Dated this 22nd day of December, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge