**Matthew S. Parmet** (AZ Bar # 037945)
matt@parmet.law
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228

**Jason P. Hoelscher** (Arizona Bar # 027580)
jhoelscher@shhlaw.com
**SICO HOELSCHER HARRIS LLP**
802 N. Carancahua, Ste. 900
Corpus Christi, TX 98401
Phone 361 653 3300
Fax    361 653 3333

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Kapzynski, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Colt BBQ & Spirits LLC d/b/a Colt Grill, <br><br> Defendant. | Case No. 3:21-cv-08040-MTL <br> FLSA Collective Action <br> FED. R. CIV. P. 23 Class Action <br><br> **Plaintiffs' Motion for Summary Judgment as to Colt Grill's Liability and Good Faith Defense** |

### A.   SUMMARY

Colt Grill failed to pay its hourly employees overtime wages required under federal law. Colt Grill instead maintained a uniform practice of paying these employees straight-time-for-overtime. This practice flagrantly violates the FLSA.

There is no material dispute regarding: (1) the liability of Colt Grill; (2) the number of hours Plaintiffs worked each week; (2) Plaintiffs' rates of pay; (3) and Colt

Grill's good faith defense (that is, Plaintiffs' liquidated damages). Summary judgment should be entered in Plaintiffs' favor on each of these issues.

**B.   FACTUAL BACKGROUND**

Colt Grill operates restaurant locations in Arizona. ECF No. 15, at ¶ 37. It employs a staff of cooks, pit masters, and other front and back of house employees who were paid on an hourly basis. Exs. 6, 7, 8, 9, 10, at *1 (¶¶ 3-4). As a standard practice, however, none of these workers are paid an overtime premium for hours worked over 40 in a workweek. Exs. 6, 8, 9, 10, at *2 (¶ 7); Ex. 7, at *2 (¶¶ 7-8). Instead, these hourly workers were paid straight-time for the any hours they worked over 40 in a week. Exs. 6, 7, 8, 9, 10, at *2 (¶ 7).

Colt Grill's straight-time-for-overtime pay scheme is as fundamentally simple as an FLSA violation gets:



Ex. 11, Kapzynski Pay Stub (showing 146 hours worked, all at the same rate of $19 per hour).

Kapzynski initially brought this lawsuit against Colt Grill, and after the Court certified a collective action, 15 Colt Grill employees joined Kapzynski in this action. ECF Nos. 39-50.[1] All employees were employed by Colt Grill, and seek unpaid

---

[1] Nine other Colt Grill employees opted-in, but were dismissed by agreement of the parties for because they were not employed or did not work overtime during the period at issue in this lawsuit. ECF No. 71.

wages regarding, the two-year period prior to their opting into the lawsuit. ECF No. 4, at *10-11. All employees were paid on an hourly basis for the entire time period at issue, except for Raina Russell and Chris Fechtman.[2]

Since it was founded, Colt Grill was familiar with the overtime requirements of the FLSA. ECF No. 55-1, Colt Grill's Deemed RFAs, at *4 (¶ 6). Colt Grill knew it was required to comply with the FLSA. *Id.* at *4 (¶ 7). Yet Colt Grill was unable to point to any documents it reviewed in determining Plaintiffs would be paid straight-time-for-overtime. ECF No. 3, Colt Grill's Resps. to RFPs, at *8 (¶ 22). It was unable to point to any documents it relied upon in determining Plaintiffs' exemption status. *Id.* at *8 (¶ 23). It was unable to point to any policies or procedures to comply with the FLSA. *Id.* at *8 (¶ 21). Colt Grill wasn't even able to articulate how it came to the decision to pay Plaintiffs straight-time-for-overtime. ECF No. 2, Colt Grill's Ans. to Rogs, at *3 (¶ 5).

Colt Grill's own handbook specifically mentioned the FLSA, overtime, hourly v. salaried employees, and exemptions to the FLSA's overtime requirement. Ex. 4, Colt Grill Handbook, at *9. It specifically says:

> Overtime compensation is paid to non-exempt employees in accordance with federal and state wage and hour laws. Overtime is payable for hours worked in excess of 40 hours per week at a rate of one and one-half times the non-exempt employee's regular hourly rate.

*Id.* at *32. The Employee Handbook also purports to set up a system for obtaining approval for overtime hours and pay:

> **All overtime work performed by an hourly employee MUST be authorized in advance by his/her supervisor or the owner**. Overtime

---

[2] Russell and Fechtman were each paid a salary for certain time periods not at issue in this motion. Plaintiffs do not seek recovery of overtime in this lawsuit for any time Russell spent as a salried employee. Regarding Fechtman, Plaintiffs do not seek to recover any overtime for time spent as a salaried worker in this motion. Fechtman was not properly classified as exempt from the FLSA, and Plaintiffs may seek to recover his unpaid overtime for salaried periods at a later date.

worked without prior authorization from either the owner or supervisor may result in disciplinary action. **The supervisor must receive consent from the owner for all overtime**.

*Id.* at *32 (caps in original) (bold added).

Despite what Colt Grill's handbook says, it did not pay overtime to Plaintiffs and its other employees at 1.5x their hourly rates. Exs. 6, 8, 9, 10, at *2 (¶ 7); Ex. 7, at *2 (¶¶ 7-8). Instead, Colt Grill paid these and its other non-exempt workers at the same rate for all hours worked. Exs. 6, 8, 9, 10, at *2 (¶ 7); Ex. 7, at *2 (¶¶ 7-8).

In discovery, Colt Grill produced all the time and pay records that it had regarding Plaintiffs. *See* Ex. 2, Colt Grill's Ans. to Rogs, at *2-3 (¶ 3); Ex. 3, Colt Grill's Resps. to RFPs, at *3-4 (¶¶ 2-3); ECF No. 55-1, Colt Grill's Resps. to RFAs, at *4 (¶¶ 1-2). For two plaintiffs, Raina Russell and Zach Portell, Colt Grill claims that it did not maintain time and pay records. Ex. 5, Parmet decl., at *2. However, Russell and Portell had kept Colt Grill's own records of their time and pay. *Id.*

Plaintiffs do not dispute the contents of Colt Grill's records (including the records Russell and Portell obtained from Colt Grill and produced themselves). Instead, Plaintiffs relied on Colt Grill's time and pay records to calculate their damages in this case. Ex. 5, Parmet decl., at *2; Exs. 14-24, Pls' decls., at *2.

C. **SUMMARY JUDGMENT STANDARD**

1. **General standard for summary judgment.**

Courts should grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Indeed, the Rules provide that summary judgment "shall" be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with sworn statements, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

### 2. Summary judgment when the non-movant bears the burden of proof.

In summary judgment practice, for any matter on which the non-movant would bear the burden of proof, the movant may merely point out the absence of evidence and, thereby, shift the burden of proof to the non-movant to come forward with competent summary judgment evidence creating a material question of fact. *See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)). To avoid summary judgment, the non-movant must respond by setting forth specific facts indicating a genuine issue of material fact. *High Tech Gays v. Def. Indus. Sec. Clearance Off.*, 895 F.2d 563, 574 (9th Cir. 1990)).

### D. ARGUMENT & AUTHORITIES RE LIABILITY

#### 1. Plaintiffs are covered employees under the FLSA.

#### 1.1. Colt Grill employed Plaintiffs.

Colt Grill employed all Plaintiffs. *See* ECF No. 15, at ¶ 30. In addition to the standards for employment under the FLSA, Colt Grill withheld employee payroll taxes from Plaintiffs' pay checks. *See* Ex. 11, Kapzynski Pay Stub; Ex. 12, Hambright W-2; Ex. 19, Hambright decl., at *3. If Plaintiffs were not Colt Grill's employees, then withholding payroll taxes from their checks would have been improper. *Hathcock v. Acme Truck Lines, Inc.*, 262 F.3d 522, 525 (5th Cir. 2001). Because Colt Grill employed Plaintiffs, payroll tax withholding was not only proper, but required by law. *Id.* Indeed, a W-2 is specifically for reporting wages of an "employee." 26 U.S.C. § 6051. "Wages … paid to an employee are required to be reported on Form W-2." 26 C.F.R. § 1.6041-2. By admitting to federal and state taxing authorities that Plaintiffs were employees, paying Medicare and Social Security taxes on their behalf, and submitting W-2 tax forms for their wages, Colt Grill is "the employer of [Plaintiffs] and responsible to comply with the FLSA requirements." *Solis v. Hill Country Farms, Inc.*, 808 F.Supp.2d 1105, 1114 (S.D. Iowa 2011), *aff'd*, 469 F. App'x 498 (8th Cir. 2012). Accordingly, there is no material dispute that Plaintiffs were employed by Colt Grill.

### 1.2. Colt Grill is a covered entity.

The FLSA requires employers to pay minimum wage and premium overtime compensation if an employee (1) is engaged in commerce or in the production of goods for commerce, or (2) is employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a) and §207(a)(1). These two categories of FLSA coverage are commonly referred to as "individual" and "enterprise" coverage, respectively. *Dunlop v. Industrial America Corp.*, 516 F.2d 498, 500-01 (5th Cir. 1975).

In this case, Colt Grill admitted both individual and enterprise coverage. ECF No. 15, at ¶¶ 33-36. There is no material dispute regarding coverage.

### 2. There is no material dispute that Plaintiffs (a) worked over 40 hours per week, but (b) were not paid overtime.

### 2.1. Plaintiffs can rely on Colt Grill's own records.

An employee claiming unpaid wages under the FLSA bears the burden of proving that they performed work for which they were not properly compensated. *Rosales v. Lore*, 149 F.App'x 245, 246 (5th Cir. 2005). "If the employer has kept accurate records, a plaintiff can easily meet this burden by securing the production of those records." *Albanil v. Coast 2 Coast, Inc.*, No. CIVAH-08-486, 2010 WL 1404120, at *9 (S.D. Tex. Mar. 31, 2010), *aff'd in part, rev'd in part on different grounds*, 444 F.App'x 788 (5th Cir. 2011); *Rosales,* 149 F.App'x at 246 ("If the employer's records are 'proper and accurate,' the employee may rely on these records[.]" (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)); *Clark v. Centene Co. of Texas, L.P.*, 104 F.Supp.3d 813, 827 (W.D. Tex. 2015) ("Ordinarily, the employee can meet [his] burden by requesting his time records from his employer[.]"); *Nieddu v. Lifetime Fitness, Inc.*, 38 F.Supp.3d 849, 856 (S.D. Tex. 2014) ("When the employer has kept proper and accurate records, the employee may easily discharge his burden by securing the production of these records."); *Sales v. Bailey*, No. 2:12-CV-00056-SA-SAA, 2014 WL 3897726, at *11 (N.D. Miss. Aug. 8, 2014) ("[The employee's]

burden is easily satisfied where an employer is in possession of pertinent employment records."). "[T]he use of the employer's records to establish the amount of time worked is proper, and that if the employer has kept proper and accurate records the employees' burden of proof is discharged by merely producing those records." *Rural Fire Prot. Co. v. Hepp*, 366 F.2d 355, 359–60 (9th Cir. 1966). After all, an employer cannot reasonably discount its own records. *Id.* ("[S]ince the employer had found the records adequate for years for purposes such as income tax, social security, and insurance, it can hardly now claim that its records are improper.").

### 2.2. Plaintiffs can fill in any gaps in Colt Grill's records with their own records.

Despite its production for most Plaintiffs', there are some employees for whom Colt Grill did not maintain adequate time or pay records. Plaintiffs are entitled to use their own records to fill in these gaps.

"In cases where an employer has not kept accurate records of employees' time, *Mt. Clemens Pottery* allows the Secretary to prove an FLSA violation by showing that employees performed work for which they were improperly compensated and producing some evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" *In re Perez*, 749 F.3d 849, 853 (9th Cir. 2014) (quoting *Mt. Clemens Pottery*, 328 U.S. at 687). That evidence may take the form of "'fairly representative testimony' from a sample of employees." *Id.* (quoting *Mt. Clemens Pottery*, 328 U.S. at 687). The court may also rely on the testimony of the employees themselves. *Id.*; *e.g.*, *Margadonna v. Berea Enter., Inc.*, No. CIV.A. H-06-2589, 2007 WL 869499, at *2 (S.D. Tex. Mar. 20, 2007) (relying on plaintiff's affidavit). Once Plaintiffs have produced that evidence, "'[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the [Plaintiffs'] evidence." *In re Perez*, 749 F.3d at 853 (quoting *Mt. Clemens Pottery*, 328 U.S. at 687-88).

Here, Colt Grill confirmed it produced all time and pay records it had. *See* Ex. 2, Colt Grill's Ans. to Rogs, at *2-3 (¶ 3); Ex. 3, Colt Grill's Resps. to RFPs, at *3-4 (¶¶ 2-3); ECF No. 55-1, Colt Grill's Resps. to RFAs, at *4 (¶¶ 1-2). Yet there were two Opt-in Plaintiffs (Russell and Portell) regarding whom it had no records of time and pay. Ex. 22, Portell decl., at *2; Ex. 23, Russell decl., at *2. Each of those two Plaintiffs maintained their own records, copied directly from Colt Grill's own records, and have properly estimated their hours to a "just and reasonable inference" using the records they maintained and the same formulas applied to Plaintiffs. Ex. 22, Portell decl., at *2; Ex. 23, Russell decl., at *2; Ex. 5, Parmet decl., at *2. As Colt Grill's discovery responses confirm, they have no evidence to controvert these Plaintiffs' estimates. Therefore, these "hours worked are a fair approximate" for these Plaintiffs as a matter of law.

### 2.3. Plaintiffs' damage calculations are based on the undisputed records.

Plaintiffs secured production of Colt Grill's own records. *See* Ex. 2, Colt Grill's Ans. to Rogs, at *2-3 (¶ 3); Ex. 3, Colt Grill's Resps. to RFPs, at *3-4 (¶¶ 2-3). Colt Grill confirmed that the payroll and timesheets provided the complete record of the hours Plaintiffs worked and their pay. *See* Ex. 2, Colt Grill's Ans. to Rogs, at *2-3 (¶ 3); Ex. 3, Colt Grill's Resps. to RFPs, at *3-4 (¶¶ 2-3); ECF No. 55-1, Colt Grill's Resps. to RFAs, at *4 (¶¶ 1-2). Using Colt Grill's own records, and its records regarding Plaintiffs Russell and Portell, which were maintained by these Plaintiffs themselves, Plaintiffs were able to calculate their unpaid wages. Ex. 5, Parmet decl., at *2; *see also* Exs. 14-24, Pls' decls., at *2.

Because Plaintiffs were paid on a bi-monthly basis, instead of bi-weekly, and Colt Grill tracked and produced their aggregate hours each pay period the method of calculating their damages actually benefits Colt Grill by resulting in a necessarily lower estimation of overtime. Ex. 5, Parmet decl., at *3.

Because there is no material dispute with respect to these facts, Plaintiffs are entitled to summary judgment with respect to: (1) the number of hours they worked in each workweek; (2) their rate of pay for each workweek; and (3) the amount of overtime owed by Colt Grill. These amounts are accurately reflected and summarized (based upon the records provided by Colt Grill) on Exhibit 1.

### 3. It is appropriate to award partial summary judgment on liability even if damages are not determined.

Even if the Court were inclined to agree there were a dispute over the damages due to Plaintiffs—and it should not—the Court is not required to resolve the amount of damages owed to the Plaintiff when granting partial summary judgment on liability. *See Barfield v. N.Y. City Health & Hosps. Corp.*, 432 F.Supp.2d 390, 395 (S.D.N.Y. 2006) (granting summary judgment on liability and directing counsel to submit an estimate of unpaid wages for purposes of damages award), *aff'd*, 537 F.3d 132 (2d Cir. 2008); *Bongat v. Fairview Nursing Care Ctr., Inc.*, 341 F.Supp.2d 181, 186 (E.D.N.Y. 2004) (granting summary judgment on liability without finalizing damages for unpaid overtime after concluding plaintiffs were non-exempt); *Vallejo v. Azteca Elec. Const. Inc.*, No. CV-13-01207-PHX-NVW, 2015 WL 419634, at *2 (D. Ariz. Feb. 2, 2015) (setting trial on damages after deciding liability against defendant). Accordingly, even if the Court believes questions preclude determining damages at this time (and, again, it should not so conclude), summary judgment can still be entered regarding liability. Damages can be determined later. *Id*.

### E. ARGUMENT & AUTHORITIES RE GOOD FAITH AFFIRMATIVE DEFENSE

#### 1. The FLSA's good faith defense is subject to summary disposition.

The FLSA's good faith defense can be resolved in a plaintiff's favor on summary judgment. *See Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003) (affirming summary judgment for employees on good faith defense); *Helton v. Factor 5, Inc.*, 26 F.Supp.3d 913, 923-24 (N.D. Cal. 2014) (granting summary

judgment for employees on good faith defense); *Blotzer v. L-3 Commc'ns Corp.*, No. CV-11-274-TUC-JGZ, 2012 WL 6086931, at *13-14 (D. Ariz. Dec. 6, 2012).

  **2. Colt Grill's good faith affirmative defense fails as a matter of law.**

The FLSA's liquidated damage provision provides compensation for the employer's failure to pay workers on time. *See* 29 C.F.R. § 790.22(a) n.137 (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697 (1945); *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942)). The FLSA presumes that employees are entitled to an additional amount equal to their actual damages as liquidated damages. *See* 29 U.S.C. § 216(b); *E.E.O.C. v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir. 1985). These damages are compensatory, not punitive. *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) ("[The FLSA's] liquidated damages provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages.").

  **2.1. To avoid liquidated damages, Colt Grill must show <u>both</u> subjective good faith <u>and</u> an objectively reasonable basis for the way it paid Plaintiffs.**

Liquidated damages are mandatory unless the employer shows it acted in good faith and had reasonable grounds not to pay overtime compensation as required by the FLSA. 29 U.S.C. § 260; *Reich v. Tiller Helicopter Svcs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993). The district court's decision on liquidated damages is reviewed under an abuse of discretion standard. *Singer*, 324 F.3d at 823.

The employer "faces a 'substantial burden' of establishing good faith and a reasonable belief that its actions did not violate the FLSA." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 823 (5th Cir. 2003); *see also Blotzer v. L-3 Commc'ns Corp.*, 2012 WL 6086931, at *14 ("An employer's burden of proof with respect to [good faith] is plain and substantial, and a difficult one to meet." (internal quotations and citations omitted)); Schneider & Stine, WAGE AND HOUR LAW: COMPLIANCE & PRAC. II,

§ 21:03 ("The good faith defense requires plain and substantial evidence of at least an honest intention to ascertain the requirements of the Act and comply with those requirements.").

"Good faith 'requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." *Navarro v. Bean Drywall Inc.*, No. CV-06-2096-PHX-GMS, 2009 WL 10707832, at *7 (D. Ariz. Oct. 16, 2009) (quoting *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (9th Cir. 1997)). To be eligible for a reduction in liquidated damages, the employer must show it purposefully "engaged in the acts proven to be violations, but did so under a mistaken, although reasonable belief, that its acts were in conformity with the law." *Bernard*, 154 F.3d at 267. "[T]he employer must come forward with evidence of its actual reliance on a person or entity with knowledge of the FLSA regulations, including its attorney or the Department of Labor. *Blotzer*, 2012 WL 6086931, at *14 (citing *Elwell v. Univ. Hospitals Home Care Servs.*, 276 F.3d 832, 840–41 (6th Cir.2002); *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3rd Cir.1991)). In addition, an employer cannot meet its burden by "professing ignorance" of the FLSA's requirements. *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1262 (5th Cir. 1986). Rather, an employer has a "duty to investigate potential liability under the FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468-69 (5th Cir. 1979); *Karr v. City of Beaumont*, 950 F. Supp. 1317, 1325-26 (E.D. Tex. 1997). Thus, "'a good heart but an empty head does not produce a defense'" to liquidated damages. *Bolick v. Mgmt. by Skylane, LLC*, No. H-07-2261, 2008 WL 4589961, at *2 (S.D. Tex. Oct. 14, 2008) (quoting *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 312 (7th Cir. 1986)).

If the employer fails to meet its burden to show **both** subjective good-faith and objectively reasonable behavior, "the duty of the court to award liquidated damages in an amount equal to the unpaid [overtime] [is] ministerial, not discretionary."

*Mireles v. Frio Foods*, 899 F.2d 1407, 1414 (5th Cir. 1990); *see also Blotzer v. L-3 Commc'ns Corp.*, No. CV-11-274-TUC-JGZ, 2012 WL 6086931, at *13 (D. Ariz. Dec. 6, 2012) ("[L]iquidated damages are mandatory unless the employer can prove [good faith] compliance.").

### 3. Colt Grill has no evidence its exemption decision was objectively reasonable.

There is no more elemental aspect of the FLSA—or a more basic principle in employee compensation than paying time-and-a-half to hourly employees. The FLSA's overtime provision could not be any clearer:

> [N]o employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The DOL's minimum wage poster even lists Overtime Pay **first** on the FLSA poster that is required to be posted "in conspicuous places in every establishment," pursuant to 29 C.F.R. § 516.4:



Ex. 13, DOL, FLSA Poster. There's simply no excuse for not following the "conspicuously placed," unambiguous FLSA poster. *Scalia v. Mejia Corp.*, No. 1:19-CV-166, 2020 WL 3550011, at *6 (E.D. Va. Mar. 5, 2020) ("[T]he general managers at various El Tio locations testified about the FLSA posters displayed on the walls of the restaurants, updated annually, yet claim never to have read them."); *Williams v.*

*R.W. Cannon, Inc.*, No. 08-60168-CIV, 2009 WL 655730, at *2 (S.D. Fla. Mar. 12, 2009) (refusing to disturb jury verdict in favor of employee on FLSA willfulness because "the jury's verdict was supported by, among other things, the FLSA poster displayed in the workplace").[3]

Paying employees straight-time-for-overtime is a facial FLSA violation that is easily determined by even a cursory inspection of the employee's records. *Scalia v. Shalimar Distributors LLC*, No. 4:18-CV-01642, 2020 WL 4335020, at *3 (M.D. Pa. July 28, 2020) (granting summary judgment in direct action by DOL) ("[O]vertime violations appear even on the face of these records. The records contain examples of employees being paid straight time for overtime hours.").

Colt Grill hasn't presented an iota of evidence that it had an honest intention to comply with the FLSA and reasonable grounds to believe it did so. It can't remember when or how it settled on its "straight-time-for-overtime" pay policy. Ex. 2, Colt Grill's Resps. to Rogs, at *3 (¶ 5). It hasn't identified any accountant, attorney, or other person that provided any advice as to the legality of its "straight-time-for-overtime" pay policy. *Id.* It hasn't pointed to a single document it relied upon in crafting the "straight-time-for-overtime" pay policy. *Id.*; Ex. 3, Colt Grill's Resps. to RFPs, at *8 (¶¶ 22-23). It hasn't even singled out any document it used to try to comply with the FLSA at all. Ex. 3, Colt Grill's Resps. to RFPs, at *8 (¶¶ 21). Except for Russell's salaried time, Colt Grill hasn't even claimed any employee was eligible for an FLSA exemption. Ex. 2, Colt Grill's Resps. to Rogs, at *5 (¶ 8).

Under an analogous situation, the district court in *Hardrick v. Airway Freight Systems, Inc.*, found that an employer had implemented a "straight-time-for-overtime" pay policy without any investigation and without relying on the advice of any lawyer. 63 F.Supp.2d 898, 900 (N.D. Ill. 1999). The district court ruled that the employer's

---

[3] *See infra* note 4.

"policy of paying Plaintiffs straight payfor overtime hours w[as] unreasonable and in reckless disregard … whether such conduct was prohibited by the FLSA." *Id.* at 904. Thus, the court found in granting summary judgment for the employees, the employer's actions were in **willful** violation of the FLSA as a matter of law. *Id.* Given the even higher standard of willfulness in *Hardrick*'s per se FLSA violation, Colt Grill's good faith defense here is due to fail.[4]

In the entirety of this case, Colt Grill has no evidence of what it actually did to ensure FLSA compliance. "Straight-time-for-overtime" is not a reasonably debatable

---

[4] Plaintiffs have not moved for summary judgment on willfulness, because Plaintiffs' damages are all within the first two years, and thus an extension of the FLSA's default, two-year statute of limitations is not necessary. 29 U.S.C. § 255(a). However, acts and omissions meeting the FLSA's standard for willfulness preclude a good faith defense. *Scalia v. Emp. Sols. Staffing Grp., LLC*, 951 F.3d 1097, 1103 (9th Cir. 2020) ("Because ESSG's violations were willful, it could not have acted in good faith."); *accord Jackson v. City of Hot Springs*, 751 F.3d 855, 866-67 (8th Cir. 2014) (reversing district court for abuse of discretion in refusing to award liquidated damages in FMLA case because jury verdict finding intentional retaliation precluded good faith); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1164 (11th Cir. 2008) ("[A] jury's finding of willfulness forecloses a judge from finding good faith."); *Singer v. City of Waco, Tex.*, 324 F.3d 813, 823 (5th Cir. 2003) ("[T]he jury found the City's actions to be willful. As a result, the City could not show that it acted in good faith."); *Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) ("[A] finding of willfulness is dispositive of the liquidated-damages issue."); *Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (finding, in an EPA case, that an employer had acted willfully for purposes of the state of limitations, "and the resulting compensatory award should be doubled pursuant to the Fair Labor Standards Act's liquidated damages provision"); *Brinkman v. Dep't of Corr.*, 21 F.3d 370, 372 (10th Cir. 1994) (determining that the district court "properly awarded liquidated damages based upon the jury's finding of willfulness" because the jury's verdict precluded the district court from an inconsistent conclusion on liquidated damages); *Doyle v. United States*, 931 F.2d 1546, 1549 (Fed. Cir. 1991) ("[A] trial court must grant the victims of a willful violation liquidated damages."); *see also Davis v. Mountaire Farms, Inc.*, 598 F.Supp.2d 582, 589 (D. Del. 2009), *as amended* (Mar. 6, 2009) ("The court … recognizes, in concurrence with the majority of Circuit Courts, that a finding of willfulness would preclude a finding of good faith.").

FLSA violation. But Colt Grill did not take even the most basic steps to comply with the FLSA. There's no material dispute that a good faith defense is in play in this case.

### 4. Irrespective of Colt Grill's good faith, Plaintiffs should still be awarded liquidated damages.

Even if the employer shows it acted in good faith, the trial court still has discretion to award liquidated damages. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 n.8 (5th Cir. 1990); *Martin v. PepsiAmericas, Inc.*, No. 1:07-cv-91-SA-JAD, 2008 WL 4755394, at *4 (N.D. Miss. Oct. 28, 2008); *Lee v. Coahoma Cnty., Miss.*, 937 F.2d 220, 227 (5th Cir. 1991); *Caldman v. State of Cal.*, 852 F.Supp. 898, 901 (E.D. Cal. 1994). The award of liquidated damages in an FLSA case is vital, because otherwise, the plaintiff is not compensated for the delay in receiving wages due to them. *Alvarez v. IBP, Inc.*, 339 F.3d 894 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005) (citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583-84 (1942)).

For this reason, even if the Court finds Colt Grill did act in good faith (though it should not), the Court should still award liquidated damages to compensate Plaintiffs for the delay in obtaining their long overdue wages.

### F. CONCLUSION

There is no material dispute as to FLSA liability or Colt Grill's good faith affirmative defense. The Court should grant Plaintiffs' motion for summary judgment.

Respectfully submitted,

*/s/ Matthew S. Parmet*
By: _____
   Matthew S. Parmet
**PARMET PC**

**Jason P. Hoelscher**
**SICO HOELSCHER HARRIS LLP**

**Attorneys for Plaintiffs**