**Matthew S. Parmet** (AZ Bar # 037945)
matt@parmet.law
**PARMET PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone 713 999 5228

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Kapzynski, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Colt BBQ & Spirits LLC d/b/a Colt Grill,<br><br>Defendant. | Case No. 3:21-cv-08040-MTL<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br>**Plaintiffs' Motion for Settlement Conference or, in the Alternative, Motion to Continue Trial Setting Conference (Expedited Consideration Requested)** |

**A.  MOTION FOR SETTLEMENT CONFERENCE (OR ENE)**

Prior to trial, Plaintiffs request the Court enter an order referring this matter to a settlement conference or ENE, pursuant to LRCiv 83.10(a) and this Court's Case Management Order (ECF No. 16, at § 9(b)).

In their initial Rule 26(f) report, the parties reported that they would attend private mediation following sufficient discovery in this matter. The parties then attended mediation on October 26, 2022. However, the parties quickly reached an impasse on both non-monetary and monetary terms, and the mediation lasted for only a few hours, instead of a full-day, as the parties had planned.

However, as a result of the mediation , the parties did narrow this dispute by (1) Plaintiffs' dismissing the claims of nine opt-in plaintiffs [ECF No. 71];

(2) adjusting Plaintiffs' damage model regarding hours worked/damages at issue [*see* ECF No. 72]; and (3) dismissing Plaintiffs' claims under the Arizona Fair Wage and Healthy Families Act (the "Arizona Sick Leave Law"), ARS § 23-371 et seq. [ECF No. 78]. Plaintiffs subsequently filed a motion for summary judgment on Colt Grill's liability and liquidated damages. ECF No. ECF No. 81. The Court denied that motion just last week, and set this matter for a trial conference on Tuesday, May 30. ECF No. 99.

Since October 26, the parties have continued to confer regarding resolution, but have been unable to do so. *E.g.*, ECF Nos. 79, 83, 85, 93. **Plaintiffs do not believe the parties to be far apart in their respective positions**.[1] However, the parties have not had the benefit of a full, good faith mediation with a qualified neutral—particularly after the significant narrowing of this dispute in November 2022 and the Court's summary judgment Order of last week. Plaintiffs believe that mediation with a Magistrate Judge or qualified neutral would be enough to help the parties resolve this matter.

Because the parties would not know the date of the settlement conference or ENE, they would be unable to schedule a trial setting at the currently scheduled May 30 hearing.

Plaintiffs therefore request that, prior to scheduling this matter for trial, the Court first order the parties to participate in a settlement conference or ENE with a Magistrate Judge or another duly appointed neutral.

---

[1] Indeed, it is partially because the parties seem close to resolution that Plaintiffs file this motion with the need for expedited consideration. Plaintiffs believed this matter would have resolved by this point.

**B.    IN THE ALTERNATIVE, PLAINTIFFS' UNOPPOSED MOTION TO CONTINUE TRIAL SETTING CONFERENCE**

In the event the Court does not order the Parties to attend a settlement conference or ENE, Plaintiffs request the Court nonetheless reset the May 30, 2023, trial setting conference. ECF No. 99.

As Plaintiffs explained above, the parties are not currently far apart in their respective settlement positions. And Plaintiffs remain hopeful that with some additional time, they are able to close the gap remaining by conferring with Defendants' counsel informally.

Plaintiffs are mindful that both their and Defendants' counsel are located out of state. And while they (and their counsel) do not take issue with appearing in person for the settlement conference, doing so does increase costs and may make resolution more difficult.

Most importantly, Plaintiffs' counsel has had an unexpected family medical issue that may interfere with their availability for Tuesday's hearing, as detailed in the declaration of Matthew S. Parmet (filed separately under seal as Exhibit A).

For these reasons, if the Court does not order this matter to a settlement conference or ENE, the Court should nonetheless reschedule the Trial Setting Conference at a mutually available date in or after July 2023.

Respectfully submitted,

*/s/ Matthew S. Parmet*
By: _____
**Matthew S. Parmet**
**PARMET PC**

**Attorneys for Plaintiffs**

## CERTIFICATE OF CONFERENCE

Prior to filing this motion, I conferred with counsel for Defendant, who confirmed that Defendant is not opposed to the continuation of the trial scheduling conference. However, as of the time of filing, the parties did not reach agreement regarding a settlement conference.

/s/ *Matthew S. Parmet*
_____
**Matthew S. Parmet**